CHERYL D. ORR (SBN 143196)
cheryl.orr@faegredrinker.com
KEVIN HA (SBN 322252)
kevin.ha@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
Four Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone: +1 415 591 7500
Facsimile: +1 415 591 7510

Attorneys for Defendant
AMAZON.COM SERVICES LLC

Seung Yang (State Bar No. 249857)
E-mail: seung.yang@thesentinelfirm.com
Brett M. Gunther (State Bar No. 306448)
E-mail: brett.gunther@thesentinelfirm.com
Emily Rivadeneira (State Bar No. 354395)
E-mail: emily.rivadeneira@thesentinelfirm.com
The Sentinel Firm, APC
355 S. Grand Ave., Suite 1450
Los Angeles, California 90071
Tel.: (213) 985-1150
Fax: (213) 985-2155

Attorneys for Plaintiff Kiara Johnson

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a limited liability company; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 2:24-cv-2254-DJC-JDP<br><br>[Sacramento Superior Court Case No.: 24CV014086]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Daniel J. Calabretta<br><br>Complaint Filed: July 16, 2024<br>Removal Date: August 19, 2024<br>Trial Date: None Set |

Pursuant to Local Rule 141.1 and Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Kiara Johnson and Defendant Amazon.com Services LLC, by and through their counsel undersigned, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in advance of trial in this action.

GOOD CAUSE STATEMENT PURSUANT TO L.R. 141.1(c) and F.R.C.P. 26(c)

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case, and that nothing will be so designated without a good faith belief that there is good cause as to why information should not be part of the public record.

**Statement Under L.R. 141.1(c)(1):** Examples of confidential information that the parties

may seek to protect from unrestricted or unprotected disclosure include:

a) Information related to confidential information, including proprietary business information, trade secrets, financial records, competitive strategies and business plans, and internal company policies, procedures, investigations, and complaints that are not publicly available;

b) Personal identifying and private information such as social security numbers, bank account details, and medical and health records;

c) Information related to internal operations, including personnel information;

    d)    Personal financial information such as income tax returns, W-2 forms and 1099 forms;

    e)    Communications protected by the attorney-client privilege; and

    f)    Trade secrets (as defined by the jurisdiction in which the information is located).

**Statement Under L.R. 141.1(c)(2):** Generally speaking, information and documents shall only be designated under this protective order because the Designating Party believes the information or documents are proprietary, confidential, privileged, and/or trade secret information that the Designating Party would not release publicly. Unrestricted or unprotected disclosure of such confidential, technical, commercial, or personal information may result in prejudice or harm to the Producing Party by revealing the Producing Party's confidential information. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

**Statement Under L.R. 141.1(c)(3):** The parties submit that protecting the confidential nature of information in this way will be most efficient for the parties and the Court. That is because the liability issues in this case will involve the mutual exchange of documents and other information that a party may consider to be its proprietary, confidential, and trade secret information. Remedies issues in this case are likely to involve the mutual exchange of business- and personal-sensitive financial and related information. The parties have met and conferred on this issue and agree that any private agreement between the parties to safeguard this information will only need to be replicated through orders of this Court at the time of filing dispositive or non-dispositive motions.

**PROTECTIVE ORDER**

1.    DEFINITIONS.

(a)    The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

(b)    The term "Confidential" shall mean information (regardless of how it is generated, stored, or maintained) or tangible things that the Designating Party in good

faith reasonably believes will disclose confidential, proprietary and/or nonpublic financial, commercial personal, business, or privileged information eligible for protection under the Federal Rules of Civil Procedure. "Confidential" information shall not include information that either: (a) is in the public domain at the time of disclosure; (b) lawfully becomes part of the public domain through no fault of the recipient, or (c) was lawfully in the procession of the Receiving Party at the time of disclosure.

(c) The term "Counsel" shall mean the attorneys of record for any party in this action, their associates, and their staff. If any party seeks to add counsel of record or substitute counsel of record, then no "Confidential" Documents and information shall be disclosed to such additional or substitute counsel until they have agreed to this stipulation by executing the attached Exhibit A.

(d) The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

(e) The term "Documents" shall have the same meaning as the terms "documents and electronically stored information" as used in Rule 34 of the Federal Rules of Civil Procedure.

(f) The term "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party to serve as an expert witness or as a consultant in this litigation and who, at the time of retention, is not anticipated to become an officer, director, or employee of a Party. Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

(g) The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(h) The term "Party" shall mean any natural person, partnership, corporation, association, or other legal entity named as a party to this action, including all of their

officers, directors, employees, agents and consultants retained in the ordinary course of business.

(i) The term "Producing Party" shall mean a Party or Non-Party that produces information or other discovery material in this action.

(j) The term "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(k) The term "Protected Material" shall mean any information or other discovery material that is designated as "Confidential."

(l) The term "Receiving Party" shall mean a Party that receives information or other discovery material from a Producing Party.

2. DESIGNATING PROTECTED MATERIAL.

(a) Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designations. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify under the appropriate standards so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

(b) **Manner and Timing of Designations.** Except as otherwise provided in this Order or as otherwise stipulated or ordered, discovery material and information that qualify for protection under this Order must be clearly so designated before the material is disclosed or produced. The Designating Party must use reasonable efforts to ensure that the applicable legend appears on each page of each file produced, as permitted by the particular format of a given Document.

(c) **Materials Subject to Designation.** Each party to this litigation may designate any Document, thing, interrogatory answer, admission, deposition testimony, and portions of such materials, or other information that it has provided or which a third-party has provided as "Confidential" in accordance with this Protective Order. The party designating such information as "Confidential" shall be known as the "Designating Party" and the designation shall be set out thereon. In designating Documents or information as "Confidential," the Designating Party's counsel shall make a good faith determination, before applying the designation, that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

(d) **Designating Originals or Tangible Items.** In the event the Producing Party elects to produce original Documents and things for inspection rather than produce copies of Documents, the Producing Party shall identify those original Documents or tangible items which the Producing Party is designating as "Confidential" at the initial inspection. Thereafter, upon selection of specified Documents for copying by the inspecting party, the Producing Party shall mark the copies of such Documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party. Said marking shall not delay the production of the copies. Information obtained by counsel from initial review of Documents or tangible items, whether in written form or not, shall be maintained as "Confidential" pursuant to the Producing Party's designations at the time of initial inspection, unless such information is produced without a designation of confidentiality or as otherwise agreed in writing by the Producing Party.

(e) Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, and a Party may designate a document as "Confidential" after its initial production if the Producing Party timely determines that it should have been so designated. A party or non-party who discloses or produces a confidential material not designated as may, within a reasonable time after discovering the error, provide notice of the error and produce a copy of the document designated as "Confidential. Those in receipt of the unmarked confidential document must return or destroy the unmarked copy, absent agreement of the parties to the contrary.

Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The failure to designate certain documents as "Confidential" does not waive and shall not prejudice a Party's right to so designate similar material—that is, there shall be no "subject matter waiver" with respect to failing to designate material as "Confidential".

(f) Production by Non-Parties. The terms of this Order are applicable to information produced by a Non-Party. Documents produced by Non-Parties shall be provisionally designated as "Confidential" for a period of 14 days from the date of production, during which period any Party may designate any portion of the production as "Confidential." Any Party issuing a subpoena to a Non-Party shall notify the Non-Party of the existence of this proposed or entered Order and shall notify the Non-Party that it may designate material responsive to the subpoena in accordance with this Order. Additionally, a Party may designate information produced by a third party as "Confidential," where the third party is in possession of a Party's Confidential Information and a Party determines that the third party has not appropriately designated the information produced.

3. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

(a) Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality

1  designation by electing not to mount a challenge promptly after the original designation is
2  disclosed.

3  (b)  Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process of conferring within ten (10) days of the date of service of notice. .  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

17  (c)  Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain the confidentiality designation within thirty (30) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Any motion seeking relief from the Court must comply with the Local Rules and standing orders of the Court. Failure by the Designating Party to make such a motion within thirty (30) days (or seven (7) days, if applicable), shall automatically waive the confidentiality designation for each challenged designation.

25  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

4. ACCESS TO "CONFIDENTIAL" MATERIALS.

All information designated as "Confidential" shall not be disclosed to anyone other than:

    a) The parties and their insurers;

    b) Counsel;

    c) The Court and its personnel;

    d) Court reporters and/or videographers in the course of covering depositions and other proceedings;

    e) The author or recipient of the document or a custodian or other person who otherwise possessed or knew the information;

    f) Experts, consultants, and Professional Vendors retained by any Party or its Counsel; and

    g) Any mediator jointly hired by the Parties or appointed by the Court to facilitate a potential resolution of the litigation.

All persons other than those identified in subsections (a)-(e) in the instant action to whom "Confidential" information is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms in the form of the certification contained in Exhibit A.

"Confidential" information subject to this Protective Order shall be used by the party(ies) to whom it is produced solely and exclusively for purposes of the above-captioned litigation unless and until such designation is removed either by agreement of the Parties or by order of the Court.

6. EXPERTS & CONSULTANTS.

(a) Persons Covered By This Provision. The procedure specified under Paragraph 6(b) shall apply to Experts expressly retained by Counsel to assist in the preparation of this litigation for trial, whether or not the Expert is expected to testify at trial, as well as any personnel who support such Expert's work under the Expert's direction and supervision, and who are necessary for the completion of that work ("Support Personnel").

Disclosures to any such Support Personnel are to be limited to only those disclosures necessary to assist the Expert.

(b) Procedure for Designating Experts & Consultants Under the Protective Order. As a condition precedent to disclosure of any CONFIDENTIAL materials to an individual described in Paragraph 3(a) above, Counsel for the Receiving Party shall require the Expert and his/her Support Personnel (if any) to execute the form of Exhibit A attached hereto. Such executed Exhibit A shall be maintained by Counsel for the Receiving Party for the term of this Stipulated Protective Order.

7. STORAGE OF PROTECTED INFORMATION BY RECEIVING PARTY.

The recipient of any Confidential materials provided under this Protective Order (including copies or excerpts made thereof) shall maintain such information in a secure and safe area, and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

8. TREATMENT OF PROTECTED MATERIAL AT DEPOSITIONS IN THIS LITIGATION.

(a) Procedure for Designating Transcript Sections as Protected Material. Whenever following the parties' Rule 26(f) conference a deposition taken on behalf of any party involves a disclosure of "Confidential" Documents or information of any party, said deposition or portions thereof shall be designated as containing "Confidential" subject to the provisions of this Protective Order at the time the deposition is taken whenever possible; however, any Party shall have until thirty (30) days after receipt of the final deposition transcript within which to designate, in writing, those portions of the transcript it wishes to remain designated as "Confidential" and the right to make such designation shall be waived unless made within the thirty (30) day period. During such thirty (30) day period, the entirety of the transcript shall be deemed designated ""Confidential".

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issues in another litigation that compels disclosure of any information or items designated in this action as "Confidential" that Party must:

(a) Promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such

person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and as further set forth below.

If a Party inadvertently produces information subject to a claim of attorney-client, work product, or other applicable privilege ("Privileged Information"), that disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege that would otherwise be available. After receipt of such notification, the Receiving Party shall then treat the designated materials as Confidential Information and shall make all reasonable efforts to secure the return of any Documents they may have provided to any person not covered by the terms of this Protective Order. Within seven (7) days of such notification, the Designating Party must produce an overlay that will replace the images lacking the CONFIDENTIAL marking with images that have the CONFIDENTIAL marking on all pages that contain Confidential to all Receiving Parties (the bates numbers, metadata and work product associated with these documents shall not be disturbed).

The Privileged Information shall thereafter be identified, as appropriate, on the Producing Party's privilege log, and the Receiving Party shall remain free to challenge the claim that the Privileged Information is privileged.

If a Receiving Party believes that it has received Privileged Information, the Receiving Party shall notify the Producing Party in writing promptly after such discovery. Within seven (7) days of receiving such notice, the Producing Party shall inform the Receiving Party in writing of an intent to claim privilege and provide a log of the Privileged Information. While it awaits a response from the Producing Party, the Receiving Party shall refrain from reading or otherwise using the Privileged Information. After being informed

that the Producing Party intends to claim privilege over the Privileged Information, the Receiving Party shall take the steps set forth in the preceding paragraph.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or ESI for relevance, responsiveness, privilege, or other protected information before production.

The provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e).

13.   FINAL DISPOSITION.

(a)   Upon Termination of this Action. Within ninety (90) days after a final disposition of the action, which shall include entry of final judgment and the exhaustion of all rights of appeal, or a dismissal of the action, a Receiving Party shall either return to the Producing Party or destroy all Documents and things or transcripts of depositions, together with all copies thereof, which have been designated "Confidential." Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  There shall be no obligation for Parties' counsel to search their emails for Protected Material and destroy any such emails/attachments containing Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order. Furthermore, the Parties and their Counsel may retain Confidential Information if required to comply with applicable laws, rules, or regulations or internal compliance requirements, and any Confidential Information that the Receiving Party believes cannot reasonably be destroyed (such as electronic back-up or archive records).

(b)   Continuing Obligations. The termination of proceedings in this action shall not thereafter relieve a person to whom "Confidential" was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

14. LIMITATIONS.

(a) Attorneys' Right to Counsel Clients. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's Party-client with respect to this action, and in the course thereof, relying upon an examination of "Confidential" Documents or information; provided, that in rendering such legal advice and in otherwise communicating with the Party-client, the attorney shall not disclose any "Confidential" Documents or information to anyone not authorized to receive such Documents, things, materials, or information pursuant to the terms of this Protective Order.

(b) Filing Protected Materials. Any Documents produced in discovery, answers to interrogatories, deposition transcripts, or other Documents that are filed with the Court for any purpose and that incorporate information that is designated "Confidential" shall be filed in compliance with Local Rule 141, and any applicable Orders or procedures of this Court.

(c) Reservation of Rights. Nothing in this Protective Order, nor the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver or admission of any claim or defense of this action. Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of Documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. This Order shall not in any way limit what the Producing Party may do with its own Documents or information.

(d) The Parties will meet and confer in an attempt to agree upon a mechanism for handling Confidential Information at any court hearing or trial. However, the final

determination as to how Confidential Information shall be handled will be made by the Court.

15. MISCELLANEOUS.

(a) Right to Seek Modification. The parties may, by written stipulation, provide for exceptions to this Protective Order, and any Party may seek an order of this Court modifying or interpreting this Protective Order. No stipulation amending this Protective Order will have the force or effect of a Court order absent the Court's written approval of it.

(b) Right to Further Relief. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order regarding matter designated as containing "Confidential."

(c) Right to Assert Other Objections. By stipulating to entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Dated: March 11, 2025

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

**STIPULATION**

IT IS HEREBY STIPULATED by and among the parties, through their undersigned counsel, that the foregoing Stipulated Protective Order may be entered in this action subject to the consent of the Court.

DATED: March 7, 2025            THE SENTINEL FIRM, APC

By: /s/ *Emily Rivadeneira*
    Brett M. Gunther
    Emily Rivadeneira
    Attorneys for Plaintiff
    Kiara Johnson

DATED: March 10, 2025           FAEGRE DRINKER BIDDLE & REATH LLP


By: /s/ *Cheryl D. Orr*
    Cheryl D. Orr
    Kevin Ha

Attorneys for Defendant
AMAZON.COM SERVICES LLC

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Kiara Johnson v. Amazon.com Services LLC,* Case No. 2:24-CV-02254-DJC-JDP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____